IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | |
|---|---|
| SYSTEMS SPRAY-COOLED, INC., | )<br>)<br>) |
| Plaintiff | ) Civil Action No.: 16-1085<br>) |
| v. | )<br>) JURY DEMANDED |
| FCH TECH, LLC, WILLIAM HENRY,<br>AND J. MICHAEL CAMPBELL, | )<br>)<br>) |
| Defendants. | )<br>) |

## CONSENT JUDGMENT AND AGREED INJUNCTION

Plaintiff, Systems Spray–Cooled, Inc., filed civil action number 1:16-cv-1085-SOH on September 20, 2016 against Defendants FCH Tech, LLC ("FCH"), William Henry ("Henry"), and J. Michael Campbell ("Campbell") asserting claims for (1) violation of the Federal Defense of Trade Secrets Act of 2015 (18 U.S.C. § 1832 et seq.); (2) violation of the Arkansas Trade Secrets Act (A.C.A. § 4-75-001 et seq.); (3) breach of employment agreement; (4) tortious interference with business expectancy; (5) breach of fiduciary duty; (6) unjust enrichment; and (7) violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030 et seq.) FCH, Henry, and Campbell (collectively, the "Defendants") now stipulate and consent to the Court's entry of this Consent Judgment and Agreed Injunction.

NOW THEREFORE, upon consent of the parties, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.  The Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1331 and 1332(a).

1

2. This Court has personal jurisdiction over FCH, Henry, and Campbell under 28 U.S.C. §1391 *inter alia* because they are doing business in the State of Arkansas, including in this District.

3. Systems Spray-Cooled, Inc. is in the business of water-cooling industrial equipment used to make steel, such as electric arc furnaces, ladle metallurgical furnaces, basic oxygen furnaces, and submerged arc furnaces.

4. From October 19, 1992 until February 18, 2013, Defendant Campbell was employed by Plaintiff, Systems Spray-Cooled, Inc., a Tennessee corporation, and/or one of its related companies (including its parents, subsidiaries, and/or affiliates), which the Court refers to collectively in this Consent Judgment and Agreed Injunction as "SSC."

5. Defendant Henry is also a former employee of Plaintiff Systems Spray-Cooled, Inc. Henry was employed by Systems Spray-Cooled, Inc. from January 15, 2007 until October 11, 2013.

6. In October of 2015, Campbell and Henry formed Defendant FCH, a Tennessee limited liability company. Campbell and Henry are the sole members of Defendant FCH.

7. Plaintiff Systems Spray-Cooled, Inc. is a provider of Low Pressure Spray Cooling systems used for cooling furnaces, and other equipment with extreme head loads, in the steel industry.

8. The Court adopts the Parties' stipulated and agreed definitions of "Low Pressure Spray Cooling" (¶ 9) and "SSC Restricted Information" (¶ 10), below, for purposes of this Consent Judgment and Agreed Injunction.

9. The Parties stipulate and agree that, for purposes of this Consent Judgment and Agreed Injunction, the term "Low Pressure Spray Cooling" means spraying water on a hot face

of a furnace or furnace related components to cool the furnace or furnace related components during operation, inclusive of the furnace or furnace related components that are specifically designed to interface with such equipment.

10. The Parties stipulate and agree that, for purposes of this Consent Judgment and Agreed Injunction, the term "SSC Restricted Information" means the following categories of documents, data, and knowledge, whether or not reduced to writing and/or other tangible form and/or stored electronically in any form or format:

   a. <u>SSC's annually prepared Revenue Forecasts</u>. The Revenue Forecasts includes at least the following: information regarding revenue from work-in-progress; information regarding the probability of earning revenue from quoted prospects; information regarding the potential revenue from newly identified prospects; information regarding any new target prospects; and information regarding the revenue to be earned through replacement parts and other royalties.

   b. <u>SSC's annually prepared Financial Statements</u>. The Financial Statements includes at least the following information: revenue; direct costs; equipment costs; administrative costs; and operating income.

   c. <u>SSC's pricing architecture and formulas for quoting SSC Spray-Cooled™ equipment</u>. The pricing architecture and formulas include at least the following information: sales margin; project administration costs; materials costs; labor costs and estimated man-hours; and shipping costs.

   d. <u>SSC's customer information</u>. SSC's customer information includes at least the following information: customer lists and address books;

compilation identifying current SSC Spray-Cooled™ equipment installed into a customer's facility and the date of installation; compilation identifying points of contact for each SSC customer, including name, physical address, email address, and phone number; and internal template of customer sales presentation.

e. <u>SSC's knowledge and designs regarding water distribution systems internal to SSC Spray-Cooled™ components for efficiently cooling equipment in the steel industry, including but not limited to roofs, elbows, ductwork, and sidewalls</u>. The knowledge and designs include, either singularly or in combination, at least the following: the number, combination, size, placement, and orientation of the nozzles to meet the necessary cooling water flowrates based on heat load.

f. <u>SSC's knowledge and designs regarding drainage and evacuation systems for roofs on a tilting piece of equipment</u>. The knowledge and designs include, either singularly or in combination, at least the following: (1) size of the drain channel; (2) size of the drain slots in the outer diameter wall; (3) placement of the drain slots in the outer diameter wall on the tap and slag sides; (4) size and location of the Venturi pumps and piping connected to the drain channel; (5) placement and number of divider plates in the drain channel; (6) cooling of the "dry" section of the drain channel; and (7) elbow drainage into roof drainage system.

g. <u>SSC's knowledge and designs of drainage and evacuation systems for sidewalls on a tilting piece of equipment</u>. The knowledge and designs

4

include, either singularly or in combination, at least the following: (1) size and location of drain troughs and (2) size and location of drain boxes, the drain boxes enabling the drain troughs to be fully evacuated by gravity.

h. <u>SSC's knowledge and designs of drainage and evacuation systems for elbows on tilting furnaces in the steel industry</u>. The knowledge and designs include, either singularly or in combination, at least at least the following: (1) drainage and evacuation of the elbows independently utilizing Venturi pumps and (2) drainage and evacuation of the elbows into the roof so as not to impede the roof cooling or evacuation, but <u>do not</u> include the design and supply of piping systems (including but not limited to Venturi pumps and associated piping) that are <u>external to</u> Low Pressure Spray Cooling equipment, including but not limited to modifications to existing <u>external</u> piping systems for use with Low Pressure Spray Cooling equipment.

i. <u>SSC's knowledge and designs of deflector plates in SSC Spray-Cooled™ equipment</u>. The designs include the combination of at least the following: the size, location, and attachment of deflector plates used in SSC equipment to prevent spent water from impeding sprayed cooling water from reaching the hot plate.

11. It appearing to the Court that all parties agreed to the entry of this Consent Judgment and Agreed Injunction and that they have approved its entry by their duly authorized signatures and the signature of their respective attorneys below, the Court, upon the stipulations of the Parties after being fully advised in this matter, it is HEREBY ORDERED that, for the

period beginning immediately upon entry of this Consent Judgment and Agreed Injunction, and ending at midnight (CDT) on September 20, 2021, Defendants FCH, Campbell, and Henry and anyone acting in concert with any one or more of them shall be ENJOINED as follows:

    a.    Defendants and anyone acting in concert with any one or more of them shall not use or disclose any SSC Restricted Information that was known to Campbell and/or Henry as a result of their employment with SSC before October 15, 2013, unless such information is publicly available through no acts of any one or more of the Defendants;

    b.    Defendants and anyone acting in concert with any one or more of them shall not compete with SSC by directly or indirectly designing or manufacturing Low Pressure Spray Cooling equipment; and

    c.    Except as expressly permitted under Paragraph 13, below, Defendants and anyone acting in concert with any one or more of them shall not change or modify the operation or design of any Systems Spray-Cooled™ Low Pressure Spray Cooling equipment.

12.    Defendants each acknowledge, agree, and hereby stipulate, and in accordance with that acknowledgment, agreement, and stipulation, the Court hereby further ORDERS that the restrictions and limitations set forth in the forgoing Paragraphs 11(a)-11(c) are fair, reasonable, and necessary to protect the legitimate interests of SSC and that a violation of any of these restrictions and limitations would give rise to irreparable harm to SSC for which monetary damages would not be an adequate remedy and, thus, in addition to any and all other rights and remedies that may be available to SSC in respect of any such breach, SSC shall be entitled to equitable relief, including a temporary restraining order, an injunction, specific performance, and

any other relief that may be available from a court of competent jurisdiction (without any requirement to post bond).

13. Plaintiff and Defendants further acknowledge, agree, and stipulate, and in accordance with that acknowledgment, agreement, and stipulation, the Court hereby further ORDERS that, subject to the requirements and restrictions set forth in the forgoing Paragraphs 11(a)-11(c), Defendants Campbell and Henry may engage in the following activities:

    a. Defendants Campbell and Henry may accept positions as full-time, salaried, W-2 employees of Nucor Corporation, a Delaware corporation with its principal place of business located at 1915 Rexford Road, Charlotte, North Carolina 28211, including its subsidiaries ("Nucor").

    b. Notwithstanding the restrictions of Paragraph 12(c) above, Defendants Campbell and/or Henry, if employed by Nucor as permitted by Paragraph 13(a), and acting solely in their capacity as Nucor employees and only in the service of Low Pressure Spray Cooling equipment owned and operated by Nucor, may make modifications to such Low Pressure Spray Cooling equipment so long as the modifications do not substantially change the operation of the equipment. The Parties stipulate and agree that modifications consistent with those that have been historically made by Nucor to its Low Pressure Spray Cooling equipment shall not constitute modifications that substantially change the operation of such equipment.

    c. Defendants Campbell and Henry may provide auxiliary components that may interface with Low Pressure Spray Cooling equipment, including for example but not limited to, electric arc furnace (aka "EAF furnace")

gantries, tilt platforms, bulk material feed systems, off gas analyzing equipment, access hatches, lifting and rigging attachments, maintenance tools and fixtures, roof inversion equipment, FCH proprietary quick release couplings and FCH proprietary improved slag retainers.

    d. Defendants Campbell and Henry may design and supply piping systems, including but not limited to Venturi pumps and associated piping, that are external to Low Pressure Spray Cooling equipment, including but not limited to modifications to existing external piping systems for use with Low Pressure spray-cooling equipment; and

    e. Defendants Campbell and Henry may use vendors of Systems Spray-Cooled™ equipment to fabricate equipment other than Low Pressure Spray Cooling equipment or supply services other than those related to Low Pressure spray cooling equipment.

14. Plaintiff acknowledges, agrees, and stipulates, and in accordance with that acknowledgment, agreement, and stipulation, the Court hereby further ORDERS that the terms of this Consent Judgment and Agreed Injunction do not prohibit the Defendants from engaging in the repair and supply of repair components for Low Pressure Spray Cooling equipment. Repair, however, shall be limited to modifications that do not substantially change the operation of the components or equipment. The Parties agree that modifications consistent with those that have been historically made by Nucor shall not constitute modifications that substantially change the operation of the components or equipment.

15. Each party shall bear its own costs and attorney fees.

16. This Court shall retain jurisdiction over the parties for the purpose of enforcing the terms of this Consent Judgment.

17. This Consent Judgment and Agreed Injunction is a final adjudication of all claims, counterclaims, and defenses that were, or could have been, brought between Plaintiff and all Defendants in this case. This Consent Judgment and Agreed Injunction is final, disposes of all claims and all parties, and shall bind Plaintiff and Defendants on all issues that were or could have been litigated in this proceeding and no appeal shall be taken here from.

18. All relief not expressly granted in this Consent Judgment and Agreed Injunction is hereby DENIED. This Consent Judgment and Agreed Injunction supersedes any prior Orders of this Court that grant any relief not expressly granted herein. This Court's Orders dated February 22, 2017 (Dkt. # 46) and May 16, 2017 (Dkt. # 67) are superseded by this Consent Judgment and Agreed Injunction.

Dated: 6/27, 2017

SO ORDERED:

Susan O. Hickey
United States District Judge

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JUN 27 2017

DOUGLAS F. YOUNG, Clerk
By
    Deputy Clerk

9

Compromised and Agreed to:

By: /s/ Jayme Partridge
Jayme Partridge
State Bar No.: TX 17132060
jpartridge@pattersonsheridan.com
PATTERSON + SHERIDAN, LLP
24 Greenway Plaza
Suite 1600
Houston, Texas 77046
Tel: (713) 623-4844
Fax: (713) 623-4846

John Thomas Shepherd
State Bar No.: AR #2013-167
jshepherd@mjapa.net
Shepherd & Shepherd, P.A.
200 N. Jefferson Ave.
Suite 600
El Dorado, AR 71730
(870) 862-2067
Fax: (870) 862-2747

ATTORNEYS FOR PLAINTIFF
SYSTEMS SPRAY-COOLED, INC.

Signed for Systems Spray-Cooled, Inc.
/s/ Charles A. Hugs, Jr.
Name: Charles A. Hugs, Jr.
Title: CEO
Date: 6/20/17

J. Michael Campbell
/s/ J. Michael Campbell
Date: 15 July 2017

By: /s/ Cynthia R. Moulton By perm. CTW
Cynthia Moulton
State Bar No. TX 12253450
cmoulton@moultonwilsonmurray.com
800 Taft Street
Houston, Texas 77019
Tel: (713) 353-6699
Fax: (713) 353-6698

ATTORNEY-IN-CHARGE FOR
DEFENDANTS FCH TECH, LLC, WILLIAM
HENRY, AND J. MICHAEL CAMPBELL

Signed for FCH Tech, LLC:
/s/ William Henry
Name: William Henry
Title: Partner
Date: 6-15-17

William Henry
/s/ William Henry
Date: 6-15-17

10